UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID RICE | CIVIL ACTION |
| VERSUS | NO. 18-11127 |
| WALTER SMITH, JR., et al. | SECTION: "G" (1) |

## ORDER AND REASONS

Before the Court is Plaintiff David Rice's ("Plaintiff") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this matter to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I. Background

In the Petition, Plaintiff alleges that on November 19, 2017, he was riding in a car with an Uber driver named Wilberto Garcia ("Garcia"), when Garcia's car was struck by a vehicle owned by Selma Jones ("Jones") and driven by Walter Smith ("Smith").[2] Plaintiff alleges that he was injured because of the collision and that Smith was the sole cause of the accident.[3]

On October 12, 2018, Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans, naming Smith, James River Insurance Company ("James River"), and Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") as defendants.[4] Plaintiff alleged that James River was Garcia's auto insurer and Metropolitan was Plaintiff's uninsured

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1-2 at 2.

[3] *Id.* at 3.

[4] *Id.* at 1.

motorist carrier.[5]

On November 16, 2018, James River removed the case to this Court, alleging complete diversity of citizenship and an amount in controversy exceeding $75,000.[6] In the Notice of Removal, James River pleads the citizenship of the parties as follows: (1) Plaintiff is a citizen of Texas; (2) James River is a corporation organized under the laws of the State of Ohio with its principal place of business in Virginia; (3) Metropolitan is a corporation organized under the laws of the State of Texas with its principal place of business in Rhode Island; and (4) Smith is a citizen of Louisiana.[7]

James River acknowledges that Metropolitan is a non-diverse defendant, but it asserts that Metropolitan's citizenship should be disregarded for the purpose of establishing diversity jurisdiction because Metropolitan was fraudulently joined as a defendant in this matter.[8] James River contends that "Louisiana Supreme Court precedence has held that when evidence introduced indicates there is sufficient insurance to cover a plaintiff's claimed damages from other sources, 'the plaintiff's decision to name his own UM insurer is considered to be made in bad faith.'"[9] James River asserts that Plaintiff's initial settlement demand was for $600,000, and James River's

---

[5] *Id.* Plaintiff notes in the Motion to Remand that he intends to substitute Liberty County Mutual Insurance Company in the place of Metropolitan because he has recently discovered that Liberty County, and not Metropolitan, was his uninsured motorist carrier at the time of the incident. Plaintiff notes, however, the Liberty County is also a citizen of Texas so the diverse citizenship analysis is unaffected.

[6] Rec. Doc. 1.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 4.

policy, which is primary to Metropolitan's policy, has a limit of $1,000,000.[10] James River argues that because its policy is sufficient to cover Plaintiff's alleged damages, Plaintiff joined Metropolitan solely out of bad faith to prevent removal of the case.[11]

James River also acknowledges that 29 U.S.C. § 1441 ("§ 1441") would preclude the removal of this case because Smith is a defendant who is a citizen of the state where this action is brought.[12] James River avers, however, that Plaintiff previously settled his claims against Smith, and Plaintiff agreed to release Smith from liability.[13] Because Plaintiff still named Smith as a party in the litigation, James River asserts that Smith is fraudulently joined for the purpose of preventing removal.[14] James River contends that where parties have been fraudulently joined, the citizenship of those parties are "disregarded for purposes of determining whether diversity of citizenship exists."[15] Further, James River contends that because Smith and Metropolitan were fraudulently joined in this action, neither party was required to consent to removal.[16]

On December 14, 2018, Plaintiff filed the instant motion to remand.[17] On January 2, 2019,

---

[10] *Id.* at 4–5.

[11] *Id.*

[12] *Id.* at 3. 29 U.S.C. § 1441 states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[13] *Id.* at 4.

[14] *Id.*

[15] *Id.* at 5 (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Badon v. RJR Nabisco Inc.*, 224 F.3d 382,389 (5Ut Cir. 2000); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997)).

[16] *Id.* at 2.

[17] Rec. Doc. 7.

James River filed an opposition to the motion.[18] On January 16, 2019, the Court heard oral argument on the motion.[19]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion to Remand*

In the motion, Plaintiff asserts that the case should be remanded for two reasons.[20] First, Plaintiff argues that Smith and Metropolitan did not consent to removal.[21] Second, Plaintiff asserts that Metropolitan is a non-diverse defendant that defeats diversity of citizenship.[22]

Addressing the first issue, Plaintiff contends that "[t]he rule of unanimity requires that all then-served defendants join in a notice of removal or timely file a written consent to the removal."[23] Plaintiff alleges that Smith and Metropolitan were timely served and were therefore required to consent to removal.[24] Plaintiff avers that James River did not obtain the consent of either party, so the removal was procedurally defective.[25] Plaintiff acknowledges that in the Notice of Removal, James River asserts that Smith and Metropolitan did not need to consent because they were fraudulently joined.[26] Plaintiff argues, however, that improper joinder is inapplicable here

---

[18] Rec. Doc. 11.

[19] Rec. Doc. 13.

[20] Rec. Doc. 7-1.

[21] *Id.* at 3.

[22] *Id.* at 4.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 3–4.

[26] *Id.* at 3.

4

because both Smith and Metropolitan were properly joined in the case.[27]

Regarding defendant Smith, Plaintiff contends that he has not settled all claims against Smith and did not agree to release Smith from all liability.[28] Plaintiff alleges that he "c[a]me to terms with Liberty Personal Insurance Company and did, in fact, release its insured, the owner of the vehicle that Walter Smith, Jr. was driving, Selma Jones."[29] Plaintiff asserts, however, that he never released Smith from liability.[30] Thus, Plaintiff argues that Smith is rightfully still a party in the litigation, was not fraudulently joined, and was required to consent to removal.[31]

Regarding defendant Metropolitan, Plaintiff asserts that though his initial settlement offer was for less than James River's policy limit of $1,000,000, the demand letter clearly stated that Plaintiff's medical treatment is ongoing and that Plaintiff reserved the right to supplement his claims.[32] Plaintiff alleges that because his claims may possibly exceed the limits of the James River policy, his uninsured motorist carrier, Metropolitan, is properly included in the litigation as a provider of uninsured motorist coverage.[33] For these reasons, Plaintiff asserts that Metropolitan was not fraudulently joined and was required to consent to removal.[34]

Second, Plaintiff argues that the parties in the case do not satisfy the requirements of 29

---

[27] *Id.*

[28] *Id.* at 2.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* (citing Rec. Doc. 1-4).

[33] *Id.*

[34] *Id.* at 3–4.

U.S.C. § 1332 ("§ 1332") because Metropolitan is a non-diverse defendant.[35] Plaintiff contends that both he and Metropolitan are citizens of the state of Texas.[36] Plaintiff asserts that unless James River can prove that Metropolitan fits within an exception to § 1332's diverse citizenship requirement, there is no complete diversity in the case.[37] For this reason, and lack of consent to removal by all defendants, Plaintiff avers that the case should be remanded to state court.[38]

### B. *James River's Arguments in Opposition to the Motion to Remand*

In opposition, James River maintains that Smith and Metropolitan were fraudulently joined and should thus not be considered for the purpose of diverse citizenship or consent to removal.[39] Regarding Smith, James River insists that in Plaintiff's demand letter dated October 2, 2018, Plaintiff stated that he had "'secured a settlement with Smith/Jones for the limits of their liability insurance…while reserving his rights to pursue any other parties.'"[40] James River contends that this language indicates that Plaintiff previously agreed to release Smith from all claims in this litigation and that "Smith can no longer be held liable in tort."[41] James River argues that this matter is similar to the Eastern District of Louisiana case *Fortier v. State Farm Mutual Automobile Insurance Company*,[42] where another district court found that a prior settlement agreement with a

---

[35] *Id.* at 4.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] Rec. Doc. 11.

[40] *Id.* at 2 (quoting Rec. Doc. 1-4).

[41] *Id.*

[42] No. 99-2136, 1999 WL 717638 (E.D. La. Sept. 13, 1999) (Vance, J.).

party precluded that party from being added as a defendant in the litigation.[43] James River asserts that similarly, Plaintiff's prior agreement with Smith makes Smith immune from liability and "[f]or Plaintiff to now assert otherwise to avoid federal jurisdiction is disingenuous."[44]

Next, James River argues that the only way Metropolitan is properly joined is if Plaintiff engaged in improper litigation tactics.[45] James River asserts that Plaintiff either sent a settlement demand for an amount that was lower than what they planned to alleged in the future or Plaintiff is only now asserting that his claim may exceed $1,000,000 as a tactic to evade removal.[46] James River contends that both actions "are improper and should not be countenanced by this Court."[47] Therefore, James River urges the Court to deny the motion to remand.[48]

### **III. Legal Standard**

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[49] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[50] The removing party bears the burden of demonstrating that federal

---

[43] *Id.* at 2–3.

[44] *Id.*

[45] *Id.* at 3.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[50] 28 U.S.C. § 1332(a)(1).

7

jurisdiction exists.[51] Subject matter jurisdiction is fixed at the time of removal, and it cannot be eliminated by events that occur after removal.[52] The removal statute, 28 U.S.C. § 1441(b), states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

"[A]ll defendants who are properly joined and served must join in the removal petition, and ... failure to do so renders the petition defective."[53] The exception to this rule is that nominal or formal parties need not join in the removal petition.[54] To establish that non-removing parties are nominal parties, "the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court."[55]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[56] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[57] Moreover, 28 U.S.C.

---

[51] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[52] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[53] *Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted)).

[54] *Id.*

[55] *Id.* (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549–50 (5th Cir. Unit A Dec. 1981)).

[56] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[57] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

§ 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In this case, complete diversity of citizenship is lacking on the face of the state court petition because Plaintiff is a citizen of Texas and defendant Metropolitan is a citizen of Texas. Further, neither Smith nor Metropolitan consented to removal of the matter to this Court. Despite these two issues, James River argues that the case was properly removed and this Court has diversity jurisdiction because Plaintiff fraudulently joined Smith and Metropolitan as defendants.

"The fraudulent joinder doctrine ensures that the presence of an fraudulently joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[58] The party asserting fraudulent joinder "bears a heavy burden of proving that joinder of the in-state party was improper."[59] The Fifth Circuit has long recognized two methods of fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, and (2) the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court.[60] In this case, Plaintiff's pleading of jurisdictional facts is not fraudulent because neither party disputes that Metropolitan is a citizen of Texas. Rather, James River seems to allege that Plaintiff cannot state a cause of action against Smith and Metropolitan.

In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit stated that "the test for

---

[58] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).

[59] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

[60] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (internal citations omitted). The Fifth Circuit also refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases. *See, e.g., Crockett*, 436 F.3d 532. In this Order, the Court will use both terms.

fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[61] District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways.[62] First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[63] Second, in rare cases, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[64]

If a court decides to "pierce the pleadings" when assessing a claim of fraudulent joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor.[65] However, a court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[66] In other words, where courts choose to pierce the

---

[61] *Smallwood*, 385 F.3d at 573.

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003)

[66] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

pleadings, the party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.[67] The Fifth Circuit has stated that district courts should look at summary judgment-type evidence at this stage of the proceedings only in those cases, "hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[68] Even in such cases, the district court's decision to pierce the pleadings and conduct a summary inquiry is within in its discretion.[69]

### IV. Analysis

In the Notice of Removal, James River acknowledges that Smith and Metropolitan did not consent to removal and that Metropolitan is a non-diverse defendant, but James River asserts that it was not required to obtain the consent of either defendant and the citizenship of these defendants should be disregarded for the purposes of establishing diversity jurisdiction because these defendants were fraudulently joined in this matter.[70] In the motion to remand, Plaintiff argues that Smith and Metropolitan were not fraudulently joined because he can state a cause of action against both defendants.[71] Plaintiff contends that he has not released Smith from all claims, and Metropolitan is a proper party because Plaintiff's damages could possibly exceed the limits of James River's policy.[72] Accordingly, the Court will address each of these issues in turn.

---

[67] *Travis*, 326 F.3d at 650.

[68] *Smallwood*, 385 F.3d at 573.

[69] *Id.*

[70] Rec. Doc. 1.

[71] Rec. Doc. 7-1.

[72] *Id.*

A.     *Whether Smith was Fraudulently Joined*

In the motion to remand, Plaintiff acknowledges that he sent a demand letter to James River indicating that Plaintiff had reached a settlement with Liberty Personal Insurance Company ("Liberty").[73] Yet, Plaintiff insists that the settlement agreed to release Liberty's insured, Selma Jones, from liability, and not Smith.[74] In opposition, James River argues that if Plaintiff released Smith from liability, Plaintiff is bound by these terms and he cannot assert a cause of action against Smith.[75]

Louisiana law allows for the doctrine of res judiciata to apply to a case "where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties"[76] In such cases, "[a] release of claim or claims, when given in exchange for consideration, is a compromise and constitutes the basis for a plea of res judicata."[77]

Here, James River contends that Plaintiff released Smith of all claims and can no longer state a cause of action against Smith. This is a proper legal conclusion under Louisiana law if Plaintiff has in fact released Smith of liability, but Plaintiff insists that he did not. Because there is a lack of clear evidence to support James River's position, the Court is left with a disputed issue of fact. The Fifth Circuit has instructed that when analyzing a case for fraudulent joinder, courts should resolve contested issues of fact in favor of plaintiffs.[78] Therefore, without definitive

---

[73] Rec. Doc. 7-1 at 1.

[74] *Id.*

[75] Rec. Doc. 11 at 1–2.

[76] *Bailey v. Martin Brower Co.*, 94-1179 (La. App. 1 Cir. 4/7/95); 658 So.2d 1299, 1301.

[77] *Id.* (citing *Matthew v. Melton Truck Lines, Inc.*, 310 So.2d 691, 693 (La .App. 1st Cir. 1975)).

[78] *Travis*, 326 F.3d at 649.

evidence of a release of liability for Smith, James River has failed to demonstrate that there is no possibility that Plaintiff could recover against Smith.[79] Accordingly, James River has not met its "heavy burden" of proving that joinder of Smith was in fact fraudulent, and the case should be remanded.[80]

## B. *Whether Metropolitan was Fraudulently Joined*

Plaintiff argues that Metropolitan is properly joined as a defendant because his treatment is ongoing and his damages could possibly exceed the limits of James River's primary policy, requiring Metropolitan to be joined as his uninsured motorist carrier.[81] In opposition, James River argues that Plaintiff either understated his alleged damages in his settlement demand letter or is currently misrepresenting them to the Court.[82]

The Louisiana Supreme Court has found that a plaintiff acts in bad faith when he includes an insurance carrier as a defendant even though he knows that primary coverage is sufficient.[83] In the Louisiana Supreme Court case *Huval v. Chaisson*,[84] the court ruled that the plaintiffs had acted in bad faith because they admitted that the available insurance was sufficient to cover their maximum recoverable damages.

Here, James River argues that Plaintiff initially offered to settle the case for $655,101.10, an amount that is less than the limits of James River's $1,000,000 policy. James River asserts that

---

[79] *Smallwood*, 385 F.3d at 573.

[80] *Id.* at 574.

[81] Rec. Doc. 10-1 at 3.

[82] Rec. Doc. 11 at 3.

[83] *Huval v. Chaisson*, 2015-0865 (La. 6/30/15); 167 So. 3d 617.

[84] 2015-0865 (La. 6/30/15); 167 So. 3d 617.

13

because its policy would be sufficient to cover Plaintiff's claims, Plaintiff fraudulently joined Metropolitan as an uninsured motorist carrier. Plaintiff, however, contends that though his initial settlement demand was for $655,101.10, his damages are not limited to this amount. Plaintiff asserts that his treatment is ongoing, and unlike the plaintiffs in *Huval*, he cannot concede that his claims will not exceed the $1,000,000 limit of the James River policy. Therefore, Plaintiff argues that he is able to state a claim against Metropolitan as an uninsured motorist carrier. James River does not present any evidence to counter Plaintiff's argument and prove that there is no possibility that Plaintiff can state a claim against Metropolitan. Accordingly, Plaintiff did not fraudulently join Metropolitan and Metropolitan's consent was required before removal. Further, because both Metropolitan and Plaintiff are citizens of Texas, citizenship of the parties is not diverse. For these reasons, the Court will remand the case to state court.

## V. Conclusion

Defendant James River acknowledges that several procedural defects surround the removal of the case to this Court. James River relies on fraudulent joinder as the reason why the defects are irrelevant, but James River does not meet its heavy burden of proving fraudulent joinder. Specifically, James River does not provide unequivocal evidence that Plaintiff released Smith of liability or that Plaintiff's claims cannot possibly exceed its $1,000,000 policy. Because of James River's lack of evidence and the Fifth Circuit directive to construe factual disputes in favor of plaintiffs, the Court will remand the case to the Civil District Court for the Parish of Orleans. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David Rice's "Motion to Remand."[85] is **GRANTED** and this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __11th__ day of February, 2019.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[85] Rec. Doc. 7.